

**FILED**

01/26/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0328

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 20-0328

JAMES HARTSHORNE and ANGELO
QUEIROLO,

    Plaintiffs, Appellees, and Cross-Appellants,

    v.

CITY OF WHITEFISH, WHITEFISH CITY
COUNCIL,

    Defendants and Cross-Appellees,

    and

IO2.5, a series member of IO-3, LLC, a Montana
Limited Liability Company,

    Defendant, Appellant, and Cross-Appellee.

FILED

JAN 2 6 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Plaintiffs James Hartshorne and Angelo Queirolo (collectively Hartshorne) filed this action before the Eleventh Judicial District Court, Flathead County, to challenge a City of Whitefish zoning ordinance that allowed Defendant and Appellant IO2.5 to develop a 2.5-acre parcel of property through a conditional use permit. The District Court granted summary judgment to the City on seven of eight counts stated in the Complaint. It granted summary judgment in part to Hartshorne on the claim that the zoning ordinance violated the Montana Zoning Act's (§ 76-2-302(2), MCA) uniformity requirement "to the extent that the Ordinance permits conditional uses (*e.g.,* clubs, restaurants, retail sales and service) which are not permitted by WR-4 zoning." Because it concluded that the offending uses were not necessary to the integrity of the ordinance and did not appear to have been the sole inducement to its enactment, the District Court allowed the ordinance to stand, "albeit without the uses that do not comport with a WR-4 zone." In the same order, the court

denied as moot the cross-claim of defendant IO2.5. The District Court subsequently denied IO2.5's motion to alter or amend its ruling, and IO2.5 appealed. Hartshorne cross-appealed the same summary judgment order as to claims on which they did not prevail. The City did not file a notice of appeal but has submitted a response brief on Hartshorne's cross-appeal.

Hartshorne now move to strike the brief filed by the City, arguing that the City's brief requests reversal of the District Court's ruling on the uniformity issue, relief from which the City is foreclosed by not having filed a cross-appeal. The City opposes the motion, contending that its brief does no more than respond to Hartshorne's arguments and state its position on a matter already subject to a timely notice of appeal. IO2.5 agrees with the City and suggests that, at most, the Court could strike one sentence from the City's brief that urges reversal of the District Court's determination that the ordinance violated § 76-2-302(2), MCA.

In a separate motion, Appellant IO2.5 moves to strike from Hartshorne's reply brief a purported city zoning map found on page 2 of Hartshorne's Reply Brief or for an order returning the brief to Hartshorne and requiring the page to be amended to state that the map shown is from staff reports published prior to the rezoning of the property. Hartshorne objects, asserting that the map is part of the district court record, just presented in a different form, and that the map is included for the purpose of showing that IO2.5 and the City are attempting to present new arguments or change their legal theories on appeal.

This case has been fully briefed and soon will be submitted for decision. The Court finds it inefficient to probe the merits of Hartshorne's motion to strike without having had the opportunity to review the briefs and record in this appeal. The Court declines at this juncture to strike the brief but will take the parties' arguments on the motions to strike into account in the course of reviewing the issues raised on appeal and preparing its decision.

IT IS THEREFORE ORDERED that the motion to strike the brief of the City of Whitefish and Whitefish City Council is DENIED.

IT IS FURTHER ORDERED that Appellant IO2.5's motion to strike the purported zoning map appended to Hartshorne's Reply Brief is DENIED. The Court will review the

2

record in the course of deciding the appeal and will give the map whatever appropriate consideration, if any, it is due.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this 26th day of January, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices